**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES COHAN, | Case No. 2:21-cv-01171-GMN-NJK |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 1] |
| JUSTIN GLASGAU, | |
| Defendant. | |

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Plaintiff also submitted a complaint.  Docket No. 1-1.

**I.   *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

**II.   Screening Complaint**

   **A.  Legal Standard**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).  "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.  Analysis**

Plaintiff asserts claims against Defendant Justin Glasgau, a public defender who was appointed to represent Plaintiff in a state court proceeding.  Docket No. 1-1 at 1.  Plaintiff appears to allege claims against Defendant for violating Plaintiff's Sixth and Fourteenth Amendment rights by "fail[ing] to assist his client in his defense" and "doing absolutely nothing to aide the defendant in the [underlying] action."  *Id.* at 3,5.  Plaintiff further alleges Defendant violated the Fourteenth

1  Amendment by failing to properly investigate Plaintiff's underlying argument, which resulted in

2  Plaintiff accepting a plea bargain.  *Id.* at 4.  Plaintiff alleges that, as a result, he was incarcerated

3  for a period of seventeen days.  *Id.*  Plaintiff seeks restitution damages under 18 U.S.C. § 1983 for

4  these violations.

5        The Court finds that Plaintiff's allegations fail to state a claim upon which relief may be

6  granted.  Plaintiff fails to properly assert a § 1983 claim because Plaintiff fails to show that

7  Defendant is a person acting under the color of state law. Generally for the purposes of § 1983,

8  public defenders are private individuals who do not act under the color of state law when

9  representing criminal defendants.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).  A public

10  defender is not wholly immune from liability under § 1983 if he commits intentional misconduct.

11  *Tower v. Glover*, 467 U.S. 914, 921 (1984).  Absent from Plaintiff's complaint, however, are any

12  allegations explaining how Defendant committed intentional misconduct such that his actions

13  would be within the scope of §1983. Plaintiff fails to allege that Defendant's conduct fell outside

14  the traditional functions of a public defender; as a result, no basis exists for the Court to find that

15  Defendant acted under color of state law for the purpose of § 1983 liability.  *See Anderson v.*

16  *Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("To

17  state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the

18  federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person

19  acting under color of state law"); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("With

20  respect to . . . § 1983 claims . . . we decide only that a public defender does not act under color of

21  state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

22  proceeding").  Having failed to allege sufficient facts establishing that Defendant acted under color

23  of state law, Defendant cannot be found liable under § 1983.  *See Stringer v. Woolsey*, 2010 WL

24  4386963, at *6 n.1 (D. Nev. Sept. 21, 2010) ("[A] public defender can be sued under § 1983 if . .

25  . she conspired with a state actor, even if the state actor is immune from § 1983 liability.  However,

26  here, Plaintiff has not alleged facts to suggest such a conspiracy").

27  . . . .

28  . . . .

**III.   CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.   Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**.  Docket No. 1.  Plaintiff shall not be required to pay the filing fee.

2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3.   The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **September 21, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4.   **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: August 20, 2021

_____
Nancy J. Koppe
United States Magistrate Judge